FILED
SUPERIOR COURT
OF GUAM

2023 APR 21 PM 1:32

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BRIDGE AINA LE'A, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM SHRINE CLUB OF THE MARIANAS, CORPORATION; IDEAL VENTURES, LLC; AND MICHAEL L. MARASIGAN,<br><br>Defendants. | CIVIL CASE NO. CV0365-22<br><br>**DECISION AND ORDER**<br>*Re: Defendants Ideal Ventures, LLC and Michael L. Marasigan's*<br>*Motion to Dismiss pursuant to GRCP 12(b)(6)* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 7, 2023, for a hearing on Defendants Ideal Ventures, LLC ("Ideal") and Michael L. Marasigan's ("Marasigan") (collectively, "Defendants") Motion to Dismiss ("Motion"). Present at the hearing were: Attorney Charles H. McDonald II for Plaintiff Bridge Aina Le'a ("Bridge"), and Attorney Darleen E. Hiton for Defendants. Having considered the arguments, briefs, and applicable law, the Court hereby **DENIES** Defendants' Motion to Dismiss.

## BACKGROUND

The instant case arises from Bridge's Complaint against the Defendants and their co-Defendant, Guam Shrine Club of the Marianas ("Shrine"), which was filed on June 23, 2022, and served on Defendants on August 23, 2022. Compl., at 1; Decl. of Serv. on Ideal, at 1; Decl. of Serv. on Marasigan, at 1. The Complaint is founded on an alleged violation of a Lease Agreement between Bridge and Shrine, dated October 26, 2017. Compl., at 6. Ideal signed a corporate guaranty as Shrine's guarantor. Compl., at 20. In the Complaint, Bridge claimed that (1) Ideal owes damages to Bridge for missing and damaged furnishings and fixtures, unpaid utilities, and damage to the premises, in violation of the lease agreement; and (2) Marasigan converted furnishings, fixtures, and other items allegedly belonging to Bridge, for his own use and benefit or for the use and benefit of Ideal. Compl., at 4.

On September 30, 2022, Defendants filed the instant Motion seeking dismissal pursuant to Guam Rules of Civil Procedure ("GRCP") Rule 12(b)(6). Mot., at 1. In the Motion, Defendants alleged that (1) Marasigan should be dismissed from the case because the Lease is between Bridge and Shrine, and that "nothing in law or the Lease creates personal liability with Marasigan," and; (2) Ideal and Marasigan should be exonerated under 18 G.C.A. § 31601.because Bridge allegedly amended the Lease to include furnishings at a later date without signed authorization from Ideal or Marasigan, and because Bridge "converted and used" the security deposit, which "more than covered any late rent or unpaid utility bills." Mot., at 1-2, 4, 6.

On October 28, 2022, Bridge filed a Request for Entry of Default against co-Defendant Shrine for failure to answer or appear in the 20-day period following the service of the Summons and Complaint for Damages on June 27, 2022. The default of Shrine was entered by the Court on November 1, 2022.

## DISCUSSION

## I.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED—GRCP 12(B)(6)

Generally, GRCP Rule 8 provides, in relevant part that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 21; *see* Guam R. Civ. P. 8(a). When interpreting the plain language of Rule 8(a), [the Supreme Court] has historically held that "Guam law requires only *notice pleading*, not fact pleading." *Id.* (emphasis added); citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see also Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the Guam Supreme Court has declined to adopt the "plausibility standard," and instead endorsed the *Conley* standard: "A complaint should not be dismissed for failure to state a claim unless it 'appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Ukau*, 2016 Guam 26 ¶¶ 26 - 27; citing *Core Tech International Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52.

Further, GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ukau*, 2016 Guam 26 ¶ 26; quoting *Core Tech.*, 2010 Guam 13 ¶ 52. Beyond this, the

Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it *imposes only a liberal notice pleading requirement. See Id.* at ¶ 33 (emphasis added). When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is *limited* to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech,* 2010 Guam 13 ¶ 29 (emphasis added).

a. **The complaint against Ideal should not be dismissed.**

Defendant argues that they should be exonerated under 18 G.C.A. § 31601 because Bridge allegedly altered the contract to include the additional furnishings without signed authorization from Ideal or Marasigan, and therefore "its liability is limited to the Guarantee of lease at time executed," and Bridge already "made itself whole by confiscating the Security Deposit." Compl., at 6. All of Defendants' arguments in this matter speak to the validity of the contract, and are beyond what Bridge is required to prove under a notice pleading standard.

In the Complaint, Bridge alleges that: (1) "when Shrine and Ideal surrendered possession of the premises to [Bridge], [Bridge] noticed missing fixtures like air conditioning equipment and lighting fixtures, which became the property of [Bridge] pursuant to section 2.6 of the Lease," with "the total cost to replace the furnishings and fixtures exceed[ing] $80,000.00"; (2) "Shrine and Ideal caused damage to the premises that need to be repaired," with the cost exceeding $2,200; (3) "at the end of the Lease term, [Ideal] owed more than $9,000.00 in unpaid water and power utilities, which [Ideal] was responsible to pay pursuant to section 3.1 and 3.1 of the Lease"; (4) "Despite numerous demands, Defendants have failed to pay [Ideal] the cost to replace the missing and damaged furnishings and fixtures, unpaid

utilities, and cost to repair the damage to the premises," and (5) under section 2.3 of the Lease, Ideal maintained a $33,000 security deposit with Bridge, and pursuant to section 2.4 of the lease, Bridge was authorized to apply the deposit to to outstanding tenant obligations, after which Defendants allegedly still owed Bridge more than $58,000. These allegations reflect a short and plain statement of Bridge's first claim—breach of contract—allegedly entitling it to relief. Therefore, in viewing the Complaint in light most favorable to Bridge, the Court finds that the allegations referenced above are sufficient to put Defendants on notice of the cause of action—breach of contract. At this stage of the proceedings, Bridge need not prove the facts in support of its claim for relief. *See Ukau*, 2016 Guam 26 ¶¶ 26 - 27.

**b. Marasigan should not be dismissed from the proceedings.**

Defendants also argue that Marasigan should be dismissed from these proceedings because he is Ideal's representative and therefore not personally liable for any alleged breach of the Lease. Mot., at 1-2. However, Bridge is not bringing suit against Marasigan for his personal liability in the alleged breach of contract, but for his alleged conversion of property purportedly belonging to Bridge. Compl., at 4-5. While Bridge does mention sections of the Lease to reinforce its ownership rights over the property, the conversion claim against Marasigan is not contingent upon any liability under the Lease, but turns upon the question of whether the property in question belonged to Bridge or Ideal when Marasigan "exercised unauthorized dominion and control" over the property. *Id.*, at 4.

In the Complaint, Bridge alleges that: (1) pursuant to section 2.6 of the Lease, any air conditioning equipment and lighting fixtures installed on the premises would become part of the leased premises and belong to Bridge at the end of the Lease term; (2) "Marasigan, with knowledge that the furnishings and fixtures were [Bridge's] property, removed or caused to be removed from the premises" various fixtures and furnishings belonging to Bridge and

intentionally converted them for the use and benefit of himself and Ideal; (3) "Marasigan exercised unauthorized dominion and control over [Bridge's] property to the exclusion of, and in defiance of, [Bridge's] rights in and to such property without [Bridge's] consent," and; (4) "[a]s a direct and proximate result of Marasigan's actions, [Bridge] was damaged by Marasigan's conversion of its property in the amount of $80,399.90." Compl., at 4.

These allegations similarly reflect a short and plain statement of Bridge's claim, allegedly entitling it to relief for conversion. Therefore, in viewing the Complaint in light most favorable to Bridge, the Court also finds that the allegations referenced above are sufficient to put Defendant on notice of the cause of action—conversion. At this stage of the proceedings, Bridge need not prove the facts in support of his claim for relief. *See Ukau*, 2016 Guam 26 ¶¶ 26 - 27.

The Court arrives at this conclusion without consideration of documents outside the Complaint following the standard of reviewing a GRCP 12(b)(6) motion.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendants' Motion to Dismiss.

**IT IS SO ORDERED** <u>APR 2 1 2023</u>.



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam